# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**ROSENDO MARTINEZ, JR.**                                              **PETITIONER**

**VS.**                  **CASE NO. 2:08CV00164 JMM/HDY**

**T.C. OUTLAW,**
**WARDEN, FCI FORREST**
**CITY, ARKANSAS**                                                               **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

Rosendo Martinez, Jr., is currently incarcerated at the Federal Correctional Complex in Forrest City, Arkansas. The petitioner is serving an eighty month federal sentence for conspiracy to distribute cocaine. This sentence was imposed in September of 2007 by the United States District Court for the Western District of Texas (San Antonio) following the entry of a guilty plea. In his petition, Mr. Martinez claims that he was arrested on a street which belongs to the State of Texas, *not* the federal government. As a result, he claims that the federal court was without jurisdiction over him. A review of the docket sheet reflects that Mr. Martinez has not sought relief pursuant to 28 U.S.C. § 2255. He brings this claim pursuant to 28 U.S.C. § 2241.

A threshold issue must be addressed before the merits of the petitioner's claims are

considered: is a section 2241 petition the proper method for raising the arguments? Typically, section 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence, which is properly challenged via a section 2255 petition. *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986). An exception to the general rule exists, in that section 2241 relief is available if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Thus, the issue is whether section 2255 is inadequate or ineffective to test the legality of the petitioner's conviction.

We are guided by the Eighth Circuit Court of Appeals decision in *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000). The petitioner in that case had entered a guilty plea, filed an untimely section 2255 petition, and then filed a section 2241 petition claiming actual innocence. The Court considered whether section 2255 relief was inadequate or ineffective:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

207 F.3d at 1077. The Court further noted that the petitioner's claims, including actual innocence, could have been advanced in a timely § 2255 petition, and that the petitioner bears the burden of showing § 2255 relief inadequate or ineffective. *See, also, Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).

In this instance, the petitioner is attacking his conviction, a claim which typically must be advanced in the trial court , the United States District Court for the Western District of Texas (San

3

Antonio) via section 2255.  He offers no reason why section 2255 is inadequate or ineffective to test the validity of his conviction.  The record before the Court suggests no reason why section 2255 is inadequate or ineffective.

Based upon the foregoing, we recommend that the petition for section 2241 relief be dismissed and the relief requested be denied.

IT IS SO ORDERED this   3   day of October, 2008.

```
_____
UNITED STATES MAGISTRATE JUDGE
```